### J. T. ASHURST, ETC., *v.* W. B. KERN'S ADMR.

**·Equity—Commissioner's Report—Agreement In.**

The mere report of a commissioner of a verbal expression of a desire on the part of appellants could not have the effect of binding them as by an agreement of record unless the report distinctly showed the term of the agreement.

February 15, 1872.

### APPEAL FROM SCOTT CIRCUIT COURT.

### OPINION OF THE COURT BY CHIEF JUSTICE HARDIN:

After the dismission of the cross petitions of Ware and Adams, nothing remained in the pleadings to authorize the judgment for their claims; and the judgment cannot be sustained unless the statement reported by the commissioner, Payne, that it was the desire of Ashurst & Brother that the property should be sold all together, should be construed as sufficiently importing an agreement by Ashurst & Brother that the court might render the judgment, not only for the debt of Kern's admr. and for a sale of the property, but also for particular sums as due their co-defendants, Ware and Adams.

If the mere report of a commissioner of a verbal expression of a desire on the part of the Ashursts could, under any circumstances, have the effect of binding them as by an agreement of record, we are of the opinion that the report should, at least, certainly and distinctly show the terms of the agreement intended to be so proved, for the information of the court, and from which it might clearly appear what judgment they meant to consent to; but so far from this, the report does not import any admission of indebtedness to either Ware or Adams in any amount.

The judgment must, therefore, be reversed, but without costs as to Kern's admr., the error seeming to have resulted from defective preparation on the part of Ware and Adams alone.

Wherefore, the judgment is reversed (at the costs of Ware and Adams) and the cause remanded for further proceedings not inconsistent with this opinion.

*Polk,* for appellant.

*Robinson,* for appellee.